**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

ROBERT I. SNYDER, :
AIS 121581,
:
Petitioner,
:
vs. : CA 12-0057-CG-C
:
BOBBY BARRETT,
:
Respondent.

**REPORT AND RECOMMENDATION**

Robert I. Snyder, a state prisoner presently in the custody of the respondent, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

**BACKGROUND**

On May 17, 1984, Snyder entered counseled guilty pleas to two counts of receiving stolen property in the second degree, twelve counts of third-degree burglary, and one count of bringing stolen property into the State of Alabama (*compare* Doc. 6, Exhibit 6, MEMORANDUM, at 1-2 n.1 *with* Doc. 1, at 2; *but cf.* Doc. 6, Exhibit 8, Guilty

Plea Proceeding, at 2 (trial judge appears[1] to mistakenly note that there were fourteen charges of third-degree burglary and one charge of bringing stolen property into the State)), and, that same day, was sentenced to fifteen concurrent life terms under Alabama's Habitual Felony Offender Act (Doc. 6, Exhibit 6, MEMORANDUM, at 2). Snyder did not directly appeal his convictions or sentences. (*See, e.g.,* Doc. 1, at 3.)

Snyder filed a petition for writ of *error coram nobis* in the Circuit Court of Mobile County, Alabama on July 31, 1984, which was denied by the trial court, the following day, without an evidentiary hearing. (*See* Doc. 6, Exhibit 1, Case Action Summary Sheets.) Given the petitioner's representation in the instant habeas corpus petition that he alleged ineffective assistance of counsel in all of his *error coram nobis* petitions (*see* Doc. 1, at 4), he obviously takes no issue with the State's representation that the exact issue presented in his first such petition was "that, because he was not advised by his trial counsel in connection with his guilty pleas of the effect of the AHFOA sentence enhancement, his [] guilty pleas were involuntary." (Doc. 6, at 2.) The Alabama Court of Criminal Appeals affirmed the trial court's summary denial of Snyder's *error coram nobis* petition, without written opinion, on or about December 12, 1984. (*See* Doc. 6, Exhibit 1, Case Action Summary Sheets.) Petitioner's application for rehearing was overruled by the Alabama Supreme Court on or about January 23, 1985 and a certificate of final

---

[1] The undersigned uses the word "appears" purposely inasmuch as the docket sheets charging receiving stolen property in the second degree, on their face, also charge third-degree burglary. (*See* Doc. 6, Exhibit 1, Docket Sheets for CC 84-546 and CC 84-549.)

judgment of affirmance was rendered by that court on or about February 13, 1985. (*See id.*)

Snyder subsequently filed two more petitions seeking *error coram nobis* relief in the Circuit Court of Mobile County, Alabama. The first additional petition, filed February 22, 1985 was denied, without a hearing, on March 8, 1985. (*See* Doc. 6, Exhibit 1, Case Action Summary Sheets.) The trial court's denial of this second petition was affirmed by the Alabama Court of Criminal Appeals, without opinion, on or about August 21, 1985 and that court issued its certificate of final judgment of affirmance on or about September 10, 1985. (*See id.*) The second additional petition, Snyder's third *error coram nobis* petition, was filed in the Circuit Court of Mobile County, Alabama on September 8, 1986 and denied on September 26, 1986, without a hearing. (*See id.*) The Alabama Court of Criminal Appeals affirmed the trial court's denial of the petition on January 13, 1987 and denied Snyder's application for rehearing on February 10, 1987. *See Snyder v. State*, 507 So.2d 1072 (Ala.Crim.App. 1987) (table). The certificate of final judgment of affirmance was issued by the Alabama Court of Criminal Appeals on March 4, 1987. (*See* Doc. 6, Exhibit 1, Case Action Summary Sheets.)

Although the respondent indicates in his answer that the instant federal habeas corpus attack filed by Snyder is his first (Doc. 6, at 5 ("On January 27, 2012, Snyder filed this, his first, federal petition for writ of habeas corpus.")), this is simply incorrect.[2]

---

[2] The respondent should have known better than to rely on Snyder's representations in the instant federal habeas petition that he had previously filed no federal (Continued)

Indeed, Snyder has filed three federal habeas corpus attacks prior to the instant one: *Snyder v. Davis,* CA 85-1163-C-S; *Snyder v. Davis*, CA 87-0249-AH-M; and *Snyder v. Carver,* CA 91-0073-AH-S. And while it is apparent to the undersigned that Snyder's third attack in 1991 was dismissed based upon petitioner's failure to prosecute, *see* CA 91-0073-AH-S, Docket Sheet, it is just as apparent that he received a merits ruling on his first and second federal petitions (*see* Attachments 1 & 2) and, additionally, his second petition was dismissed because it was a successive petition with respect to one claim and Snyder had abused the writ with respect to other claims (*see* Attachment 2). Petitioner, in fact, received an evidentiary hearing following the filing of his first federal petition on September 16, 1985 on claims then Magistrate Judge Patrick Sims grouped under the following assertions: "First, Petitioner asserts that his guilty plea was not knowing and voluntary, inasmuch as his lawyer inadequately explained to him the elements of the offenses, the requirements of the Habitual Offender Act, and the State's burden on both the substantive offenses and the Habitual Offender Act. Additionally, the plea is alleged to have been involuntary because it was coerced by the lawyer's erroneous advice that Petitioner faced a conviction (sic) for life without parole under the

---

habeas corpus petition attacking the present convictions and sentences (Doc. 1, at 9), not only given the ease with which counsel for Barrett could have searched this Court's electronic system and discovered the presence of the aforementioned earlier-filed federal petitions but, also, given Snyder's own representations in a previous state collateral petition—attached by the respondent to the answer filed in this case—that he had previously attacked his convictions and sentences in federal district court (*see* Doc. 6, Exhibit 8, PETITION FOR RELIEF FROM CONVICTION OR SENTENCE, at 2 & 6).

Habitual Offender Act." (*See* Attachment 1, at 2.) During the course of finding petitioner's claims to be without merit, Magistrate Judge Sims quoted from the guilty plea colloquy (*see id.* at 5-6), a transcript admitted into evidence during the evidentiary hearing in federal court (*see id.* at 2); this piece of information, of course, completely vitiates petitioner's position that he "did not have access to a court transcript until 2010[, . . . and thus], the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." (Doc. 9, at 2.) As for his second petition, filed March 23, 1987, *Snyder v. Davis,* CA 87-0249-AH-M,[3] this Court dismissed the petition pursuant to Rule 9(b) and, alternatively, denied the petition on the merits, *id.* at Docs. 22, 24 & 25.[4] On appeal, the Eleventh Circuit Court of Appeals affirmed this Court's judgment by unpublished per curiam opinion and judgment entered on August 27, 1990, same issuing as mandate on September 19, 1990. (*See* Attachment 2.)

> Rule 9(b) provides that a successive petition may be dismissed "if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits." Here, the district court properly dismissed as successive the appellant's claim that the trial court

[3] Attached to the petition Snyder filed in this Court is the May 17, 1984 guilty plea colloquy, *see id.*, Doc. 1; again, this is the very document petitioner now claims was not available to him until 2010. As noted in the report and recommendation, petitioner raised the following claims in his second petition: "(1) A search and seizure was performed which violated the Fourth Amendment; (2) the trial court did not inform P[etitioner] of the contents of the indictments against him; and (3) the trial court erred in sentencing P[etitioner] to crimes he did not plead to." *Id.,* Doc. 22, at 1.

[4] While the undersigned cites to certain documents in Snyder's habeas case from 1987, the only pleading attached to this current report and recommendation is the per curiam opinion of the Eleventh Circuit Court of Appeals; there is simply no need to attach any additional documents to the instant report and recommendation.

> failed to inform him of the contents of the indictment. In appellant's first petition for habeas corpus, he argued that his guilty plea was not knowing and voluntary due to ineffective assistance of trial counsel. The magistrate found after an evidentiary hearing that his trial counsel was not ineffective and that counsel explained to appellant the elements of the offenses for which he was indicted. Those findings of fact and conclusions of law address and resolve appellant's claim that his guilty plea was defective because he was unaware of the contents of the indictment. Therefore, appellant's successive petition on this claim is precluded. Moreover, Snyder has failed to demonstrate that the ends of justice would be served by reconsideration of this claim. There was a full hearing on the merits of this issue in the first habeas petition, Snyder has not alleged that the law or the facts have changed since the resolution of his claim in the first petition, and Snyder has not made a colorable showing of factual innocence.
>
> Pursuant to Rule 9(b), the district court dismissed as an abuse of the writ the appellant's illegal search and seizure claim and his claim that he was sentenced to crimes to which he did not plead guilty. The district court did not abuse its discretion in dismissing these claims under 9(b). Snyder failed to allege or offer any evidence that he was previously unaware of facts that would form a basis for relief, or that the abuse of the writ should be excused for other reasons.
>
> The judgment of the district court is therefore
> AFFIRMED.

(*Id* (footnote omitted).)

After numerous unsuccessful forays into federal court, petitioner returned to the state courts of Alabama in July of 2007, filing a motion seeking reconsideration of his sentences in light of the Alabama Supreme Court's decision in *Kirby v. State*, 899 So.2d 968 (Ala. 2004). (*See* Doc. 6, Exhibit 1, Case Action Summary Sheets.) By order dated June 11, 2008, the trial court denied Snyder's *Kirby* motion, as amended. (Doc. 6, Exhibit 1, ORDER dated June 11, 2008.)

> Pursuant to § 13A-5-9.1 and *Kirby v. State*[,] 899 So.2d 968 (Ala. 2004), a judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole upon conviction of a Class A felony; and those who had been sentenced to life imprisonment under the mandatory provisions of the Habitual Felony Offender Act upon conviction of a Class B felony.
>
> The petitioner does not fall into either category and accordingly his motion for resentencing pursuant to this statute [and] *Kirby v. State* is hereby DENIED.
>
> If petitioner wishes to pursue a claim that he was improperly sentenced, he should file a petition in accordance with the procedure set forth in Rule 32 Alabama Rules of Criminal Procedure.

(*Id*.) The Alabama Court of Criminal Appeals affirmed the trial court's denial of Snyder's motion to reconsider sentence by unpublished memorandum opinion entered on February 20, 2009. (Doc. 6, Exhibit 6.)

> Snyder's argument is similar to that presented in Ex parte Zimmerman, 838 So.2d 408 (Ala. 2002), in which the Alabama Supreme Court held that there was no violation of the equal protection clause where an inmate was sentenced after May 25, 2000, the effective date of § 13A-5-9.1, Ala.Code 1975. As in Zimmerman, the act, by mandating that its benefits apply only to those sentenced as habitual offenders to life without parole upon conviction of a Class A felony and those sentenced to life upon conviction of a Class B felony, created two classes thereby negating the possibility of its subjects being "persons in like situations." Zimmerman at 411, citing Opinion of the Justices No. 293, 410 So.2d 60, 61 (Ala. 1982).
>
> Thus, Snyder's argument is meritless, and the judgment of the circuit court finding Snyder ineligible for sentence reconsideration and denying his motion is due to be affirmed.

(*Id*. at 3.) Snyder's petition for writ of certiorari was denied, without opinion, by the Alabama Supreme Court on May 8, 2009 and a certificate of final judgment of affirmance issued that same date. (Doc. 6, Exhibit 7.)

Snyder filed a Rule 32 attack on his convictions and sentences in the Circuit Court of Mobile County, Alabama on June 17, 2010. (*See* Doc. 6, Exhibit 8, PETITION FOR RELIEF FROM CONVICTION OR SENTENCE, at 8.)[5] The trial court dismissed Snyder's Rule 32 attack by written order entered on May 10, 2011. (*See id*. at 4.)

> This is Petitioner's fifth post conviction petition for relief and Petitioner raised this exact allegation in his fourth petition and has raised this issue in prior petitions. Petitioner's claims for relief are successive and therefore precluded. Rule 32.2(b).
>
> Petitioner alleges by check mark the Constitution of the United States or of the State of Alabama requires a new trial, a new sentencing proceeding, or other relief and newly discovered material facts exist which require that the conviction or sentence be vacated. However, Petitioner's attachment fails to address these issues. Under Rule 32.6(b) governing specificity, "a bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Therefore, without a factual basis of support, the allegations of the Constitution of the United States or of the State of Alabama requiring a new trial, a new sentencing proceeding, or other relief and newly discovered material facts exist which require that the conviction or sentence be vacated constitute "bare allegations that a constitutional right has been violated" under Rule 32.6(b).
>
> Petitioner alleges the sentences imposed exceed the maximum authorized by law, or are otherwise not authorized by law and the Court

[5] Actually, this was Snyder's second Rule 32 petition to be filed. As noted in the trial court's order denying the petition, Snyder filed his first Rule 32 petition on May 8, 2009 and that petition was dismissed by the trial court on November 2, 2009. (Doc. 6, Exhibit 8, May 10, 2011 ORDER, at 2.)

> was without jurisdiction to render the judgments or to impose the sentences because he was sentenced to serve 15 (fifteen) life sentences for 15 Class C felonies. This allegation is without merit. At sentencing, Petitioner acknowledged that he had three (3) prior felony convictions. Once Petitioner acknowledged the three (3) prior felony convictions, the Court explained to him he was being sentenced as a habitual offender. Petitioner's attorney then advised the Court that he had explained habitual offender and the applicable maximum and minimum sentences he could receive as a habitual offender, contrary to what was indicated on the forms. In all cases when it is shown that a defendant has been previously convicted of three (3) felonies, on conviction of a class C felony, the defendant must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years. Petitioner was sentenced to life. Clearly, Petitioner's sentences fall within the applicable range.
>
> Accordingly, this Court finds that Petitioner was properly sentenced as a habitual felony offender and his sentences are legal and fall within the applicable sentencing range. Therefore, this Court is authorized to summarily dismiss the petition without an evidentiary hearing because it fails to state a claim, raises no issue of material fact or law, and is without merit.
>
> The petition is dismissed under Rule 32.7.

(*Id*. at 3-4 (internal citations omitted).) The Alabama Court of Criminal Appeals affirmed the trial court's summary dismissal of Snyder's Rule 32 petition by unpublished memorandum opinion entered on October 28, 2011. (Doc. 6, Exhibit 11.)

> On appeal, Snyder contends the circuit court erred by failing to advise him of his right to remain silent, there was no factual basis provided for his guilty pleas, he was never informed of the elements of the offenses for which he was charged, and he was allowed to plead guilty to two offenses for which he was not charged. Snyder does not reassert any of the claims raised in his petition to the circuit court; therefore, those claims are deemed abandoned. Additionally, all the claims Snyder raises on appeal have been raised for the first time on appeal and, thus, are not properly before this Court. Because Snyder abandoned all the claims raised in his Rule 32 petition and asserts only new claims on appeal, he

> has not presented this Court with any issues that are properly before it for review.
>
> Accordingly, the judgment of the circuit court is affirmed.

(*Id*. at 2 (internal citations omitted).) Snyder's petition for writ of certiorari was denied, without written opinion, on January 13, 2012, and the certificate of final judgment of affirmance was issued that same date. (Doc. 6, Exhibit 12.)

Snyder filed a petition seeking federal habeas corpus relief, pursuant to 28 U.S.C. § 2254, in this Court on January 27, 2012. (Doc. 1, at 13.) The claims petitioner seeks to raise in the instant petition are both similar and different from those raised in his first federal habeas petitions. (*Compare* Doc. 1, Complaint, at 7-9 *with* Attachments 1 & 2.)

**CONCLUSIONS OF LAW**

Pursuant to 28 U.S.C. § § 2254 and 2244(b)(3)(A), as amended by § § 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175

(11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections*, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil*, 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009).

The instant § 2254 petition, filed January 27, 2012, is clearly a second/successive petition,[6] yet there is nothing to indicate that Snyder filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this second/successive petition. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th

---

[6] This Court's denial of plaintiff's first federal habeas corpus petition was a merits-based denial following an evidentiary hearing. (Attachment 1.) As noted by the United States District Court for the Southern District of Georgia in *Bradford v. Roberts*, 2009 WL 586105 (S.D. Ga. Mar. 6, 2009), "[w]ith limited exceptions that do not apply to this case, a petition for habeas corpus is considered 'second or successive' when the petitioner's first petition has already been dismissed on the merits; the second petition is considered second or successive even if it is comprised of previously unexhausted claims." *Id*. at *3 n.2, citing *Burton v. Stewart*, 549 U.S. 147, 154-155, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *see also Harris v. Patterson*, 2010 WL 2346667, *2 (S.D. Ala. May 7, 2010) ("Harris previously filed a petition for writ of habeas corpus in 2000 which was denied on the merits. Thus, the instant petition is a second, or successive petition filed without the required authorization."), *report & recommendation adopted by* 2010 WL 2292998 (S.D. Ala. Jun. 8, 2010). As previously indicated, this Court found Snyder had failed to establish any meritorious claims entitling him to habeas corpus relief, under 28 U.S.C. § 2254, with respect to his first federal habeas corpus petition. (*See* Attachment 1.) Thus, petitioner's first federal petition was denied on the merits and his second petition, filed March 25, 1987, was denied under Rule 9(b) and, alternatively, on the merits (*see* Attachment 2). Finally, his third petition, filed January 28, 1991, was dismissed for failure to prosecute. *See Snyder v. Carver*, CA 91-0073-AH-S, Docs. 10-12. There can be no doubt, then, that the instant federal habeas petition, Snyder's fourth, is a "second or successive" petition for which he was required to gain permission from the Eleventh Circuit Court of Appeals to file.

Cir. 2003) ("[The movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his fourth federal habeas petition, nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Snyder's request for relief, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997).

In light of the foregoing, this cause is due to be dismissed for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* 2010 WL 582091, *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because

this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'"), *report & recommendation adopted*, 2010 WL 653691 (M.D. Ala. Feb. 17, 2010).[7]

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

[7] The undersigned recommends that this Court dismiss without prejudice Snyder's present federal habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther, supra*, 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A)."), because his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the instant petition is unquestionably a successive petition and Snyder's first federal habeas petition was denied on the merits following an evidentiary hearing, the second as successive/abuse of the writ (and, alternatively, on the merits), and the third for failure to prosecute, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition for want of jurisdiction or that Snyder should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report & recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

**CONCLUSION**

The Magistrate Judge recommends that Robert I. Snyder's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). Snyder is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 13th day of June, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[8] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a

---

[8] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.